IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARTHUR BROWN, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-214-N-BN |
| | § | |
| DEBRA ALLEN, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* civil rights action, in which Plaintiff Arthur Brown, Jr. has been granted leave to proceed *in forma pauperis*, *see* Dkt. No. 6, has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey.

The undersigned's original findings of fact, conclusions of law, and recommendation that the Court should dismiss this case with prejudice, *see* Dkt. No. 7, was withdrawn after Brown filed an objection, *see* Dkt. No. 8, and Judge Godbey has re-referred this matter to the undersigned for updated findings and recommendation, *see* Dkt. No. 9; *see also* Dkt. No. 7 at 7-8 ("if within 14 days of the date of this recommendation Brown files an objection to this recommendation specifically concerning the equal-protection-claim finding, the Court should refer this action back to the undersigned for further consideration of that claim").

-1-

Brown's amendment concerning the alleged equal protection violation [Dkt. No. 11], as well as his original complaint [Dkt. No. 3], are now before the Court, and, the undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should dismiss this case with prejudice under 28 U.S.C. § 1915(e)(2)(B).

## Background

Plaintiff Arthur Brown, Jr., a Dallas resident, asserts that three Dallas Police Department ("DPD") employees – an investigator, Debra Allen, and two DPD officers, Richard Santiesteban and Edward Villera – violated his constitutional rights by depriving him of his "federal right to bring criminal charges against [an individual] who fraudulently withdrew [approximately $1460] from [his] bank account." Dkt. No. 3 at 1; *see id.* at 1-2 ("Said official actions was unreasonable and discriminatory for refusing to investigate or file criminal charges against the person who I provided adequate information on that constituted a crime against my property, which the police agency is responsible for providing equal protection of the law to respect my equal rights of the law for the security of persons and property as is enjoyed by white citizens." (internal quotation marks omitted)).

According to Brown, he first brought his concerns regarding the bank account to Allen on February 2, 2015. *See id.* at 2.

The next day, after Allen "refused to file charges based on her belief [that Brown] was pulling a scam," he filed a complaint against Allen with DPD's internal affairs division. *Id.*

-2-

A week later, on February 10, 2015, internal affairs informed Brown: "We have determined that your complaint can be handled more appropriately by the employee's supervisor." *Id.* at 2-3. Brown then had contact with DPD in February and March 2015. *See id.* at 3.

And, on May 5, 2015, Villera contacted Brown to inform him that he was now assigned to his case. *See id.* Villera further investigated Brown's allegations, contacting Brown on several occasions, and ultimately determined that a criminal case would not be pursued for lack of evidence. *See id.* at 3-4, 8-9.

According to Brown, on June 25, 2015, during an interview at DPD headquarters, Santiesteban told him "that he instructed his investigator not to file the case because he felt like [Brown's] claim was a scam, that no actions would be take[n], to call [this] action discrimination or whatever and do whatever as the interview was over." *Id.* at 4.

As to Brown's alleged equal protection claim, he asserts that the DPD employees "denied [his] right to equal protection of the law by outright telling [him that] no criminal case would be processed because [it was] felt [that Brown] was pulling a scam which is a claim that is unfounded and cannot be substantiated." Dkt. No. 11 at 3; *see also id.* at 4 ("Allen made a conscious decision not to take action based on her assumption I was pulling a scam."); *id.* at 5 (Santiesteban "told me that he instructed his subordinates not to file the case because from the look of my criminal background, among other things, my actions look shady and appeared to be a same; that I could call his actions discrimination or whatever, that the interview was over and to get out of

his office").

## Legal Standards

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."); *cf. Tinsley v. C.I.R.*, 958 F. Supp. 277, 279 (N.D. Tex. 1997) ("District courts are vested with especially broad discretion in making the determination of whether an IFP [*in forma pauperis*] proceeding is frivolous." (quoting *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986))). And a complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiff must

plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while the Court must accept all of a plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

But, to survive dismissal under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that a plaintiff contends entitle him to

relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

## Analysis

Brown cannot state a plausible, nonfrivolous claim based on his allegations that the DPD employees he has sued took "unreasonable and discriminatory" actions by "refusing to investigate or file criminal charges against the person" who was the target of Brown's complaint. Dkt. No. 3 at 1.

First, contrary to Brown's assertion otherwise – that he has a "federal right to bring criminal charges against [an individual] who fraudulently withdrew [approximately $1460] from [his] bank account," *id.* – "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). "This rule applies not only to protect prosecutors, but those who act in a 'prosecutorial capacity.'" *Lessor v. Dean*, No. 5:09-cv-463-Oc-29GRJ, 2010 WL 668268, at *2 (M.D. Fla. Feb. 19, 2010) (quoting *Smith v. Shook*, 237 F.3d 1322, 1324 (11th Cir. 2001); citing *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990) (recognizing that "[t]he decision to file or not file criminal charges falls within the category of acts that will not give rise to section 1983 liability")).

More broadly speaking, "[i]nvestigations in possible criminal activities and the prosecution of state or federal criminal offenses fall within the exclusive jurisdiction of the executive branch of the state and federal government." *Bullard v. Johnson Cnty. Sheriff's Dep't*, No. 3:06-cv-0110-H, 2006 WL 2017620, at *2 (N.D. Tex. July 19, 2006)

(citing *Pierre v. Guidry*, 75 F. App'x 300, 300 (5th Cir. 2003) (per curiam); *Oliver*, 904 F.2d at 281). Therefore,"[t]he failure or refusal of a law enforcement agency to investigate ... an individual [also] does not state a cognizable claim under § 1983." *Ross v. Hutchins Police Dep't*, No. 3:09-cv-168-M, 2009 WL 1514364, *3 (N.D. Tex. May 29, 2009); *see also Smith v. Shreveport Police Dep't*, Civ. A. No. 11-2217-P, 2015 WL 711118, at *3 (W.D. La. Feb. 18, 2015) ("'[F]ailure to investigate' is not a violation of a federal statutory or constitutional right." (citations omitted)).

To the extent that Brown specifically asserts that the alleged failure to investigate constitutes a due process violation,

> [l]ocal governments are generally under no duty to provide protective services: "The Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual.... [Thus,] a State's failure to protect an individual against private [actions] simply does not constitute a violation of the Due Process Clause."

*Smith*, 2015 WL 711118, at *2 (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 583 (5th Cir. 2001) (in turn quoting *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196-97 (1989))). Although there are two exceptions to this general rule – "when the state has a special relationship with the person or when the state exposes a person to a danger of its own creation" – Brown pleads neither, nor do the facts as alleged give any plausible indication that either exception exists here. *Piotrowski*, 237 F.3d at 584; *see Deshaney*, 489 U.S. at 200 ("The affirmative duty to protect arises not from the State's knowledge of the individual's predicament or from its expressions of intent to help him, but from the limitation which it has imposed on his freedom to act

on his own behalf").

Turning to Brown's equal protection claim, "[t]he Equal Protection Clause directs that persons similarly situated should be treated alike." *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).

> To state a claim under the Equal Protection Clause, a § 1983 plaintiff must either allege that (a) "a state actor intentionally discriminated against [him] because of membership in a protected class[,]" *Williams*, 180 F.3d at 705 (citation omitted), or (b) he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

*Gibson v. Tex. Dep't of Ins. – Div. of Worker's Comp.*, 700 F.3d 227, 238 (5th Cir. 2012) (internal citation modified).

While, in his initial complaint, Brown offered a cursory allegation that could be liberally construed as inferring a claim of racial discrimination, *see* Dkt. No. 3 at 2 (asserting that "the police agency is responsible for providing equal protection of the law to respect my equal rights of the law for the security of persons and property as is enjoyed by white citizens"), given an opportunity to amend his complaint to specifically "state a claim that his right to equal protection of the laws has been violated," Dkt. No. 10 at 2, Brown has now only identified individuals with a criminal background as a class with which he is associated, *see* Dkt. No. 11 at 5 (Santiesteban "told me that he instructed his subordinates not to file the case because from the look of my criminal background").

But neither criminals nor individuals with a criminal background are protected classes. *Cf. Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997) (recognizing that

prisoners are not a suspect class).

And Brown's failure to identify a protected class subjects his equal protection claim to dismissal for failure to state a claim on which relief may be granted. *See Cato v. Watson*, 212 F. App'x 258, 260 (5th Cir. 2006) (per curiam) (affirming dismissal of a equal protection claim where the plaintiff failed to either "identify any suspect class of which he is a member" or "challenge the district court's determination that he must show that he was discriminated against based on a suspect classification in order to establish an equal protection violation" (citing *Williams*, 180 F.3d at 705)); *see also Ivey v. Tishomingo Cnty., Miss.*, No. 1:10CV16-A-S, 2010 WL 6580499, at *3 (N.D. Miss. Nov. 15, 2010), *rec. adopted*, 2011 WL 1672028 (N.D. Miss. May 4, 2011) ("To state a claim under the Equal Protection Clause, a plaintiff suing under 42 U.S.C. § 1983 must allege that a state actor intentionally discriminated against him because of his membership in a protected class. The court can find no authority to support the plaintiff's contention that criminal defendants who are denied bond represent a protected class for equal protection purposes, and the plaintiff has offered none. For this reason, the plaintiff's Equal Protection claim should be dismissed for failure to state a claim upon which relief could be granted." (citing *Williams*, 180 F.3d at 705)).

## Recommendation

The Court should summarily dismiss the complaint with prejudice for the reasons discussed above.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 25, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE